FILED by **DG** D.C.

May 15, 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 17-20317-CR-GAYLES/OTAZO-REYES

Case No. _____

18 U.S.C. §371

UNITED STATES OF AMERICA,

vs.

MICHAEL FRESHKO,
                **Defendant.**
_____/

### INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise stated:

1.    Michael Freshko was employed as a police officer by the Miami-Dade Police Department ("MDPD").

2.    The MDPD provided police services at the Miami International Airport ("MIA") through officers assigned to its Airport District Station.

3.    Defendant Michael Freshko was assigned to the MDPD's Airport District Station.

### COUNT 1

**Conspiracy**
**(18 U.S.C. § 371)**

1.    Paragraphs 1 through 3 of the General Allegations section of this Information are re-alleged and incorporated as though fully set forth herein.

2. Starting in or about early October 2012, the exact date being unknown to the Acting United States Attorney, and continuing through on or about December 7, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL FRESHKO,**

did knowingly and willfully combine, conspire, confederate, and agree with one or more persons to commit offenses against the United States, that is, to knowingly export and send from the United States to a place outside of the United States, that is, the Dominican Republic, merchandise, articles, and objects, that is, firearms, contrary to any law and regulation of the United States, that is, Title 49, United States Code, Section 46505(b)(1), in violation of Title 18, United States Code, Section 554(a).

**PURPOSE OF THE CONSPIRACY**

It was the purpose of the conspiracy to unlawfully export firearms from the United States to the Dominican Republic.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to accomplish the goals of the conspiracy included, but were not limited to, the following:

1. A co-conspirator would deliver firearms to defendant **MICHAEL FRESHKO**.

2. Defendant **MICHAEL FRESHKO** would use his official position with the MDPD to transport the firearms into the portion of the MIA terminal that housed the departure gates, without having to be inspected at the passenger screening area.

3. After entering the portion of the terminal that housed the departure gates, defendant **MICHAEL FRESHKO** would deliver the firearms to a co-conspirator, who in turn would store the firearms within carry-on baggage.

4. A co-conspirator would travel aboard a commercial flight from MIA to the Dominican Republic, with the firearms within carry-on baggage.

5. A co-conspirator would enter the Dominican Republic with the firearms, which thereafter would be delivered to an associate in the Dominican Republic.

6. Over the course of the conspiracy, defendant **MICHAEL FRESHKO** and the other members of the conspiracy successfully smuggled approximately six firearms from MIA to the Dominican Republic. Such firearms consisted of four Glock .9 mm pistols, one Sig Sauer .9 mm pistol, and one Sig Sauer 5.56 rifle.

## OVERT ACTS

In furtherance of the conspiracy, and to achieve the object thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about October 5, 2012, a co-conspirator delivered one or more firearms to defendant **MICHAEL FRESHKO**.

2. On or about October 5, 2012, defendant **MICHAEL FRESHKO** used his official position with the MDPD to evade the passenger screening area at MIA and transport the firearm(s) into the portion of the terminal that housed the departure gates.

3. On or about October 5, 2012, defendant **MICHAEL FRESHKO**, after entering the portion of the terminal that housed the departure gates, delivered the firearm(s) to a co-conspirator, who in turn stored the firearm(s) within carry-on baggage.

4. On or about October 5, 2012, a co-conspirator traveled aboard a commercial flight from MIA to the Dominican Republic, with the firearm(s) contained within carry-on baggage.

5. On or about December 7, 2012, a co-conspirator delivered multiple firearms to defendant **MICHAEL FRESHKO**.

6. On or about December 7, 2012, defendant **MICHAEL FRESHKO** used his official position with the MDPD to evade the passenger screening area at MIA and transport the firearms into the portion of the terminal that housed the departure gates.

7. On or about December 7, 2012, defendant **MICHAEL FRESHKO**, after entering the portion of the terminal that housed the departure gates, delivered the firearms to a co-conspirator, who in turn stored the firearms within carry-on baggage.

8. On or about December 7, 2012, a co-conspirator traveled aboard a commercial flight from MIA to the Dominican Republic, with the firearms contained within carry-on baggage.

All in violation of Title 18, United States Code, Section 371.

_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
MICHAEL S. DAVIS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

MICHAEL FRESHKO,
          Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

**X**    Miami    ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)    Yes ___ No ___
Number of New Defendants ___
Total number of new counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    No
   List language and/or dialect

4. This case will take    -0-    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I   | 0 to 5 days     | X | Petty   |   |
   | II  | 6 to 10 days    |   | Minor   |   |
   | III | 11 to 20 days   |   | Misdem. |   |
   | IV  | 21 to 60 days   |   | Felony  | X |
   | V   | 61 days and over|   |         |   |

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the    District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___Yes    X    No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___Yes    X    No

                                                 _____
                                                 MICHAEL S. DAVIS
                                                 ASSISTANT UNITED STATES ATTORNEY
                                                 Florida Bar No. 972274

*Penalty Sheet(s) attached                                                                           REV 4/8/08